FILED
2026 Oct-26 AM 09:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DOMENEQUE PERRY,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:25-cv-02053-MHH** |
| | } | |
| **AARON SIMS, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

# MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Domeneque Perry sued three City of Irondale officials—City Councilman Aaron Sims, City Attorney April B. Danielson, and Mayor James D. Stewart, Jr.—for alleged failures to respond appropriately to her communications and requests. (Docs. 1, 7, 18). On August 3, 2026, the Court dismissed Ms. Perry's claims and closed the case. (Doc. 43). On August 4, 2026, the Court entered a final judgment. (Doc. 55).

Since the Court's August 3 opinion, Ms. Perry has filed 20 motions, notices, briefs, and proposed orders.[1] The Court construes these documents as motions to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On August 26, 2026, before the Court could resolve Ms. Perry's motions, Ms. Perry filed a notice of appeal. (Doc. 65). Under Rule 4(a)(4)(B)(i) of the

[1] Artificial intelligence seems to have played a role in the creation of these submissions.

Federal Rules of Appellate Procedure, "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)," such as a motion to alter or amend the judgment, "the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." FED. R. APP. P. 4(a)(4)(B)(i). Accordingly, in this order, the Court resolves Ms. Perry's Rule 59 motions so that her appeal may proceed.

***

Rule 59(e) allows plaintiffs to move "to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). Rule 59 motions usually "cannot be used 'to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment.'" *Cent. Baptist Church of Albany, Georgia, Inc. v. Church Mut. Ins. Co.*, 146 F.4th 1003, 1013 (11th Cir. 2025) (quoting *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)). "[A] court may alter or amend a judgment if there is newly-discovered evidence or manifest errors of law or fact." *Cent. Baptist Church*, 146 F.4th at 1012–13 (quoting *Metlife Life & Annuity Co. of Conn. v. Akpele*, 886 F.3d 998, 1008 (11th Cir. 2018)).

***

In her "Motion and Memorandum of Law for Application of Eleventh Circuit

Pro Se Pleading and Procedural Standards," (Doc. 45), Ms. Perry argues generally about the liberal pleading standard afforded to pro se litigants. In her "Motion to Supplement the Record and Memorandum of Law Demonstrating Compliance with 28 U.S.C. § 1915(e)(2) Prescreening Standards," (Doc. 46), Ms. Perry argues similarly. In its memorandum opinion and order dismissing Ms. Perry's claims, the Court applied the liberal pleading standard for *pro se* litigants, (Doc. 43, p. 2), and found that Ms. Perry did not state a valid federal claim for relief as a matter of law, (Doc. 43).

Most of Ms. Perry's submissions concern the discovery phase of a case. In her "Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(c)," (Doc. 47), Ms. Perry asks for a protective order for information exchanged during discovery. In her "Motion for Written Depositions in Lieu of Oral Depositions," (Doc. 48), Ms. Perry "requests that the deposition phase of discovery be conducted through written questions rather than live oral examinations." (Doc. 48, p. 1). In her "Motion for Leave to Proceed Under Pseudonyms Following Service of Process," (Doc. 51), Ms. Perry "requests that, upon completion of service of process and if this action is permitted to proceed beyond screening, the Court authorize replacement of Plaintiff's name on the public docket with the pseudonym 'Jane Doe' and that Plaintiff's daughter be identified throughout future public filings as 'Jasmine Doe'" due to "substantial privacy interests implicated by this litigation."

(Doc. 51, p. 1). Because the Court has dismissed Ms. Perry's claims and closed this case, the Court denies these requests as moot. For the same reason, Ms. Perry's "Motion to Dispense with Rule 26(f) Settlement Conference and for the Court to Proceed with Prescreening Review," (Doc. 49); her "Motion to Utilize Defense Counsel's Formal Written Statement in Lieu of Requests for Admission Under Rule 36," (Doc. 52); and her "Motion to Compel Initial Disclosures of Applicable Insurance Policies Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv) and Rule 37," (Doc. 56; *see also* Doc. 57 (proposed order)), are moot. Likewise, Ms. Perry's opposition to an anticipated motion to dismiss, (Doc. 58), and her "Motion Requesting the Court to Deny Any Anticipated Requests for Extension of Time to Respond or Review the Docket," (Doc. 59), are moot.

In her "Limited Rebuttal Regarding the Court's Characterization of the Action (Limited Motion to Clarify the Court's Introductory Characterization of the Action)," (Doc. 50), Ms. Perry expresses disagreement with some of the Court's analysis. This is not a valid basis for a Rule 59 motion; Ms. Perry may address her disagreements with the Court's analysis in her appeal.

In her "Motion for Judicial Notice and Notice of Record Regarding Defendants' Actual Knowledge of Litigation, Pre-Suit Claims, and Strategic Non-Appearance," (Doc. 53), Ms. Perry addresses the defendants' failure to appear in this case. Because the Court has dismissed this action, the defendants do not have to

appear.

In her "Motion to Supplement the Record with Publicly Reported Evidence Relevant to Defendants' Motive, Intent, and Pattern of Conduct," (Doc. 54), Ms. Perry asks the Court "to take judicial notice of publicly reported news articles" concerning the defendants. (Doc. 54, p. 1). Ms. Perry has not provided the news articles; she has offered summaries which appear to be AI-generated. The news articles do not appear to be directly relevant to Ms. Perry's claims and would not change the Court's analysis in its dismissal order.

Ms. Perry's "Notice to the Court of Anticipated Notices of Appearance by Defense Counsel," (Doc. 62), concerns a summons issued in this case on July 31, 2026. (Doc. 42). The Court struck this summons from the record and ordered the U.S. Marshal and the defendants to disregard it because the summons was not authorized. (Doc. 44). Ms. Perry may not rely on the summons to compel action by the defendants or a non-party.

In her "Notice of Filing Petition for Writ of Mandamus in the Eleventh Circuit Court of Appeals," (Doc. 64), Ms. Perry informs the Court of an appellate filing she has made. Ms. Perry appears to be disputing the Court's denial of her requests to have her PACER fees reimbursed. (*See* Doc. 25, p. 2; Doc. 29). The Court denied Ms. Perry's requests "because a plaintiff can prosecute their case without incurring PACER fees. Pro se litigants receive one free electronic copy of filings and can

view case information for free at courthouse public access terminals." (Doc. 43, pp. 18–19). Ms. Perry argues that "[t]he district court never granted access for the ECF filings to occur where the one free electronic copy of filings could logistically apply." (Doc. 64, p. 2). The Court denied Ms. Perry's request for permission to file electronically using the CM/ECF system, (Doc. 43, pp. 17–18) (denying Doc. 20), but that does not prevent Ms. Perry from receiving electronic notification of docket entries. Ms. Perry filed a request for electronic noticing on June 29, 2026, but she attached the form to the end of her motion for an exemption from PACER fees. (Doc. 29, p. 3). It appears the Clerk of Court inadvertently failed to process the request for electronic noticing. As a result, Ms. Perry has not been receiving electronic copies, but the Court has sent paper copies of its orders to Ms. Perry's address on file. The Clerk of Court shall please permit Ms. Perry to receive electronic noticing of documents docketed in her case, including this order.

***

Accordingly, the Court denies Ms. Perry's pending motions. The Clerk of Court shall please TERM the pending motions, process Ms. Perry's request for electronic noticing, (Doc. 29, p. 3), and mail and email a copy of this order to Ms. Perry's addresses on file.

**DONE** and **ORDERED** this October 26, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE